# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| REBECCA ROSE, )<br>)<br>*Plaintiff,* )<br>)<br>)<br>v. )<br>)<br>GREENVILLE KY OPCO LLC d/b/a )<br>MAPLE HEALTH AND REHABILITATION )<br>)<br>*Defendant.* )<br>) | CASE NO. 4:22-CV-52-JHM<br><br>**JURY DEMANDED** |

## COMPLAINT

Comes Plaintiff Rebecca Rose, by and through counsel, and, for her Complaint against Defendant Greenville KY Opco LLC (doing business as Maple Health and Rehabilitation), states as follows:

### I.   Summary of the Action

1. Plaintiff brings this action under the Fair Labor Standards Act and the Kentucky Wages and Hours Act relating to Defendant's non-payment to Plaintiff for work Defendant knew Plaintiff performed, and indeed work Defendant demanded Plaintiff perform, while away from Defendant's facility, but for which Defendant did not compensate Plaintiff.  In essence, Defendant required, or, at the very least, suffered or permitted, Plaintiff to perform overtime work which Defendant did not pay overtime compensation.

### II.   Jurisdiction and Venue

2. This Court has jurisdiction over asserted in this civil action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3.  This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant's operates a nursing home facility in Greenville, Kentucky (within the District of this Court), and, upon information and belief, it is from this District that Defendant orchestrated its illegal practices of refusing to pay Plaintiff wages.

### III. Parties

5.  Plaintiff is a resident of Muhlenberg County, Kentucky. Plaintiff's consent pursuant to 29 U.S.C. 216(b) to bring this action is attached hereto as Exhibit 1.

6.  Defendant, Maple Health and Rehabilitation which has its principal place of business at 440 Sylvan Avenue, Suite 240, Englewood Cliffs, NJ 07632, and may be served by service of process on its registered agent, Corporate Creations Network, Inc. at 101 North Seventh St., Louisville, KY 40202.

7.  Defendant operates a nursing facility in Muhlenberg County, Kentucky.

8.  Defendant is subject to the FLSA's "enterprise coverage," under which all employees of an enterprise engaged in interstate commerce are covered by the FLSA, whether or not each individual employee is involved in work in interstate commerce. 29 U.S.C. § 203 (r), (s).

9.  Defendant has, throughout the time Plaintiff was employed by Defendant, employed two or more employees who, as part of their work, handle or otherwise work on goods or materials that have been moved in interstate commerce.

10. Defendant's annual sales have for all years during which Plaintiff was employed by Defendant, exceeded $500,000.00.

## IV. Facts

11. Plaintiff worked for Defendant as a Certified Nursing Assistant (CNA).

12. Defendant classified Plaintiff's position and her work for Defendant as not exempt from the requirements of the Fair Labor Standards Act; Defendant would pay Plaintiff hourly for the work which Defendant credited Plaintiff with working.

13. In addition to performing work at Defendant's facility as a CNA, Defendant assigned Plaintiff the duties of scheduling other employees' work; these duties included setting employees' schedules, and arranging for employees to cover the scheduled shifts of other employees when the employees were unable to do so.

14. Defendant instructed Plaintiff that she was not to perform these duties on the clock or to submit hours worked; Defendant did not credit Plaintiff with any hours of work relating to these duties in calculating the number of hours for which Plaintiff was to be paid (instead, Defendant calculated the number of hours for which Plaintiff was to be paid based solely on hours when she was at Defendant's facility clocked in and working as a nurse).

15. Plaintiff performed this work away from Defendant's facility by calling, texting and or communicating over Facebook with other employees regarding Defendant's scheduling need.

16. Defendant was aware that Plaintiff was performing this work for Defendant's benefit away from Defendant's facility without pay, and, indeed, expressly requested Plaintiff to perform this work, received communication from Plaintiff that Plaintiff had performed the work, and saw the results of Plaintiff's work (employees appeared to cover the shifts of employees who

had called in when they were unable to work a shift; the appearing employee appeared only because Plaintiff had performed work identifying who could appear and cover the shift).

17. For example, attached hereto as Exhibits 2, 3, and 4 are some of Plaintiff's text messages with Theresa Wells, Kim Fleming, and Sharon Haslett relating to scheduling work of other employees.

18. Theresa Wells was Defendant's Director of Nursing.

19. Kim Fleming was Defendant's MDS Coordinator.

20. Sharon Haslett was Defendant's Charge Nurse.

21. In addition to being aware Plaintiff was performing this work, Defendant was further aware that it wanted and needed scheduling tasks to be performed, and that it was not paying any employee to perform these tasks.

22. Including her paid work (performed at the facility) and her unpaid work, Plaintiff worked more than forty hours in many workweeks.

23. Having employees to work at Defendant's facility is an essential part of Defendant's business of operating a nursing facility, and Plaintiff's work as a scheduler scheduling employees to work, and arranging for employees to cover shifts when needed, was an essential part of Defendant's operation of the nursing facility; if Plaintiff had not performed the scheduling duties, Defendant's operations would have been impaired, and Plaintiff's performance of the scheduling duties was for Defendant's benefit.

24. Defendant did not pay Plaintiff any compensation for her work spent performing scheduling duties; the work for which Plaintiff was not paid included overtime work in many workweeks.

25. Defendant's failure to pay Plaintiff for her work performing scheduling duties was willful.

## COUNT I

## VIOLATION OF FLSA
## NONPAYMENT OF OVERTIME COMPENSATION

26. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

27. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

28. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he or she is employed. See 29 U.S.C. § 207(a)(1).

29. Defendant is not exempt from the requirements of the FLSA with respect to the employment of Plaintiff and the FLSA.

30. Plaintiff is entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

31. Defendant knowingly failed to compensate Plaintiff at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

32. Defendant willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

    a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff , from the first compensable act to the last compensable act;

      b. permitting and/or requiring Plaintiff to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates.

33. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action, and the Court should award Plaintiff all relief provided under the FLSA.

**COUNT II**

**VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*.
BY NONPAYMENT OF WAGES.**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Plaintiff brings this claim on behalf of herself.

36. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

37. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

38. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

39. During all times material to this complaint Plaintiff was a covered employee entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

40. Defendant is not exempt from providing Plaintiff the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

41. Defendant has violated the KWHA with respect to Plaintiff by, *inter alia*, failing to compensate herm for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

42. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

43. In addition to not paying Plaintiff for her overtime work, the KWHA permits Plaintiff to recover from Defendant her unpaid non-overtime work performing scheduling tasks for Defendant.

44. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay its employee Plaintiff the required amount of wages and overtime at the statutory rate should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

45. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff is entitled to reimbursement of the litigation costs and attorney's fees expended if she is successful in prosecuting an action for unpaid wages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Empanel a jury for the trial of all issues of fact;

C. Enter a judgment awarding Plaintiff damages in the amount of her unpaid wages, plus liquidated damages in a like amount, in amounts to be proven at trial;

F. Award Plaintiff all costs of litigation, including expert fees and attorneys' fees;

      G.      Grant Plaintiff all costs of litigation and such other further and/or general, legal and/or equitable relief to which she is entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*